UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **EVELYN H. GREEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:06CV1094-DJS |
| | ) | |
| **METRO/BI-STATE DEVELOPMENT AGENCY,** | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

Pro se plaintiff brings the instant multi-count complaint asserting claims of race and disability discrimination and retaliation, a violation of Mo. Rev. Stat. § 290.140, outrageous conduct, negligent infliction of emotional distress, and intentional infliction of emotional distress. Upon careful consideration of defendant's motions to dismiss Counts I and IV and to strike plaintiff's prayers for punitive/exemplary damages, the Court will deny defendant's motion to dismiss with respect to Count I, grant the motion with respect to Count IV, and grant defendant's motion to strike.

**A. Plaintiff Has Exhausted Her Administrative Remedies with Respect to Count I**

Count I of plaintiff's complaint brings a claim of racial discrimination under Title VII.

> A Title VII plaintiff must file a charge of discrimination with the EEOC before bringing a civil suit, but the scope of the subsequent action *is not necessarily limited to the specific allegations in the*

> *charge*. In determining whether an alleged discriminatory act falls within the scope of a Title VII claim, the administrative complaint must be construed liberally in order not to frustrate the remedial purposes of Title VII, and the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge.

Nichols v. Am. Nat. Ins. Co., 154 F.3d 875, 886-87 (8th Cir. 1998) (citations and quotations omitted) (emphasis added). Plaintiff's administrative complaint alleges race and disability discrimination and retaliation. (Pl.'s Compl. Ex. 1 [Doc. 3-2] at 1.) Although the description included in the administrative complaint does not allege race discrimination or indicate plaintiff's race, the box for racial discrimination above the description is clearly marked. Construing the administrative complaint liberally, the Court finds that plaintiff has exhausted her administrative remedies and will deny defendant's motion to dismiss with respect to Count I.

**B. Defendant Is Not a Corporation Under Mo. Rev. Stat. § 290.140**

The Missouri Service Letter Statute provides discharged employees of corporations the right to request a letter stating why they were discharged and what their job duties were. Mo. Rev. Stat. § 290.140. Count IV of plaintiff's complaint alleges that defendant refused to issue her a requested service letter and violated the statute.

The statute, however, does not apply to defendant. Defendant was created as a single interstate agency pursuant to a compact between Missouri and Illinois "to coordinate regional

planning and development of the Bi-State Metropolitan Development District." Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1085 (8th Cir. 1991). "State law treats Bi-State like a county or municipality. The compact characterizes Bi-State as 'a body corporate and politic,' Mo.Rev.Stat. § 70.370 art. III, which indicates Bi-State is a *municipal corporation* subject to suit under section 1983." Id. at 1087 (emphasis added).

As a municipal corporation, defendant is exempt from coverage under the Missouri Service Letter Statute.

> The terms of service letter § 290.140 apply only to a "corporation doing business in this state." A municipal corporation [there, a local housing authority] was held not a "corporation doing business in this state" within the sense and purpose of § 290.140. *Hunt v. St. Louis Housing Authority,* 573 S.W.2d 728, 730 (Mo.App.1978). "A municipal corporation as that term is used in its broad sense [includes] public and quasi-corporations which act as arms of local government and exercise essential governmental functions." *Id.* The court explained its rationale:
>> Our Constitution and statutes consistently recognize the difference between private business corporations and municipal corporations. We have found no instance . . . where the word "corporation" alone in a constitutional provision or in a statute is clearly intended to refer to, or include, a municipal corporation. Indeed, it has been judicially noted that a "well settled distinction exists between the two" terms.
>
> In the absence of a legislative intent to impart a different sense-the court concluded-the term *corporation* does not encompass *municipal corporation. Id.* at 731.

Krasney v. Curators of Univ. of Missouri, 765 S.W.2d 646, 651 (Mo. App. 1989) (alterations in original). For the above reasons, the

Court will grant defendant's motion to dismiss with respect to Count IV.

## C. Absent Statutory Authority Punitive Damages Are Not Available Against Municipal Corporations

Defendant's motion to strike seeks to strike plaintiff's prayers for punitive damages in Counts I through VII.[1] "While motions to strike are not favored, *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977), a prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike." Spinks v. City of St. Louis Water Div., 176 F.R.D. 572, 574 (E.D. Mo. 1997). Plaintiff seeks punitive damages under Title VII of the Civil Rights Act of 1964 in Count I and under the Americans with Disabilities Act ("ADA") in Count III. As discussed *supra*, state law treats defendant like a county or municipality. Punitive damages may not be recovered for Title VII and ADA violations against a "government, governmental agency or political subdivision." 42 U.S.C. § 1981a(b)(1); see also Spinks v. City of St. Louis Water Div., 176 F.R.D. 572, 574 (E.D. Mo. 1997); Johnson v. Metro. Sewer Dist., 926 F. Supp. 874, 876 (E.D. Mo. 1996); Lee v. Junior Coll. Dist., Case No. 4:94CV415-CDP, 1995 WL 363428 at *1 (E.D. Mo. Nov. 17, 1994).

---

[1] The Court does not address defendant's motion to strike with respect to Count IV as it will be dismissed for the reasons discussed *supra*.

Similarly, punitive damages are not recoverable against municipalities under 42 U.S.C. § 1981--the basis for plaintiff's discrimination and retaliation claims in Count II. Spinks, 176 F.R.D. at 574-75 (declining to follow holding in Johnson, which found that punitive damages were recoverable against municipalities); see also Perry v. City of Country Club Hills, 607 F. Supp. 771, 776 (E.D. Mo. 1983) ("Punitive damages under § 1981 may not be assessed against a municipality since to do so would impose a huge financial burden on the municipality.").

Counts V, VI, and VII allege claims of outrageous conduct, negligent infliction of emotional distress, and intentional infliction of emotional distress, respectively. "Because the burden of a punitive damages award against a municipality ultimately falls on the taxpayers, and thus will fail to deter future harmful activity by the municipality itself, punitive damages are not usually recoverable against a municipality in Missouri." Kline v. City of Kansas City, Fire Dept., 175 F.3d 660, 669-70 (8th Cir. 1999). "It is the general rule that in the absence of a statute specifically authorizing such recovery, punitive or exemplary damages are not recoverable against a municipal corporation." Chappell v. City of Springfield, 423 S.W.2d 810, 813-14 (Mo. 1968); see also Kline, 175 F.3d at 670.

Plaintiff's arguments and citations to cases involving sovereign immunity in tort for municipal corporations are not

persuasive.  Defendant does not argue and this Court does not hold that defendant is immune from suit as plaintiff suggests. Consequently, the Court will strike plaintiff's prayers for punitive and exemplary damages in Counts I, II, III, V, VI, and VII.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Counts I and IV [Doc. #8] is denied with respect to Count I and granted with respect to Count IV.

**IT IS FURTHER ORDERED** that defendant's motion to strike plaintiff's prayers for punitive/exemplary damages [Doc. #10] is granted as follows.  Plaintiff's prayers for punitive and exemplary damages in Counts I, II, III, V, VI, and VII are stricken.

Dated this ___11th___ day of October, 2006.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE