UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EVELYN H. GREEN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:06CV1094-DJS |
| | ) | |
| METRO/BI-STATE DEVELOPMENT AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Pro se plaintiff brings the instant multi-count complaint asserting claims of race and disability discrimination and retaliation, a violation of Mo. Rev. Stat. § 290.140, outrageous conduct, negligent infliction of emotional distress, and intentional infliction of emotional distress. Upon careful consideration of defendant's motions to dismiss Counts I and IV and to strike plaintiff's prayers for punitive/exemplary damages, the Court denied defendant's motion to dismiss with respect to Count I, granted the motion with respect to Count IV, and granted defendant's motion to strike. Now before the Court is defendant's motion for reconsideration, requesting that the Court reconsider its ruling with respect to Count I--plaintiff's Title VII claim of race discrimination.

In making its prior determination, this Court relied on plaintiff's submitted version of the administrative complaint (Pl.'s Compl. Ex. #1 [Doc. #3-2]), which indicated that the box for

race discrimination had been selected. Defendant asserts, and plaintiff does not explicitly deny, that the true copy of the administrative complaint did not have the box for race discrimination checked.[1] Defendant has submitted another version of the administrative complaint and the notice of charge of discrimination accompanied by an affidavit asserting that both documents were obtained from the Equal Employment Opportunity Commission ("EEOC"). In both documents, the box for race discrimination is not selected. Upon examination of plaintiff's version of the administrative complaint, the Court notes that the boxes for disability discrimination and retaliation had a typed "X" as compared to the apparently handwritten slash in the race discrimination box.

Upon review of the true copy of plaintiff's administrative complaint submitted by defendant, the Court finds that plaintiff has not exhausted her Title VII charge of race discrimination.

> A Title VII plaintiff must file a charge of discrimination with the EEOC before bringing a civil suit, but the scope of the subsequent action is not necessarily limited to the specific allegations in the charge. In determining whether an alleged discriminatory act falls within the scope of a Title VII claim, the administrative complaint must be construed liberally in order not to frustrate the remedial purposes of Title VII, and the plaintiff may seek relief for any

---

[1] Plaintiff only states that she filed her petition in good faith and "attached the document as it was presented to Plaintiff as the Pro Se Administrator indicated was proper filing." (Pl.'s Resp. to Def.'s Mot. for Recons. [Doc. #25] at 1.)

> discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge.

Nichols v. Am. Nat. Ins. Co., 154 F.3d 875, 886-87 (8th Cir. 1998) (citations and quotations omitted). Nothing in plaintiff's administrative charge mentions race discrimination or plaintiff's race. Although plaintiff asserts she submitted to the EEOC an internal memorandum authored by one of defendant's employees which mentions plaintiff's claim of race discrimination, the Court is not persuaded that plaintiff's allegation of race discrimination is reasonably related to the claims of disability discrimination and retaliation in the administrative charge filed with the EEOC.

The Court will grant defendant's motion for reconsideration. Upon careful reconsideration of the Court's Order of October 12, 2006 [Doc. #18], the Court will vacate its prior order to the extent that it is inconsistent with the Court's finding that plaintiff has not exhausted her administrative remedies with respect to her Title VII claim of race discrimination in Count I.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reconsideration [Doc. #21] is granted.

**IT IS FURTHER ORDERED** that the Court's Order of October 11, 2006 [Doc. #18] is vacated to the extent that it is inconsistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss Counts I and IV [Doc. #8] is granted.

**IT IS FURTHER ORDERED** that defendant's motion for extension of time to file answer [Doc. #24] is granted, and defendant shall file its answer no later than November 23, 2006.

Dated this ___9th___ day of November, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE
